UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| DENNY L. EVERROAD, )<br>)<br>    Plaintiff, )<br>)<br>v.  )<br>)<br>MICHAEL J. ASTRUE, Commissioner of )<br>Social Security, )<br>)<br>    Defendant. ) | CASE NO. 4:06-cv-100-DFH-WGH |

ENTRY ON ATTORNEY FEE APPLICATION

The court previously remanded the decision by the Commissioner of Social Security denying plaintiff Denny L. Everroad's application for disability insurance benefits. Mr. Everroad has now petitioned for an award of attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). The Commissioner does not challenge the reasonableness of the fee sought ($5,957.00), but argues that no fee should be awarded because his position in the proceeding was, in the terms of § 2412(d), "substantially justified." The court agrees with the Commissioner and finds that a fee should not be awarded in this case.

To be "substantially justified," the Commissioner's position must have a reasonable basis in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006). It must be stronger than merely non-frivolous. *Pierce*, 487 U.S. at 565-66. On the other hand, the

Commissioner's position need not have been correct. See *Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir. 1996), quoting *Pierce*, 487 U.S. at 566 n.2. "Substantially justified" does not mean "justified to a high degree"; the standard is satisfied if there is a "genuine dispute," or if reasonable persons could differ as to the appropriateness of the contested action. *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992), citing *Pierce*, 487 U.S. at 565.

In Mr. Everroad's case, the Commissioner prevailed on one of the two major issues. On the decisive issue leading to a remand – the adequacy of the administrative law judge's key hypothetical question to the vocational expert – the court acknowledged that the issue was open to continued debate. The court cited *Kusilek v. Barnhart*, 2005 WL 567816, at *4 (W.D. Wis. March 2, 2005), *aff'd*, 2006 WL 925033, at *3 (7th Cir. April 4, 2006), in which Judge Crabb recognized the lack of consensus among courts on whether hypothetical questions framed as the ALJ's in this case are adequate, and discussed the conflicting authorities in the course of denying a prevailing plaintiff's EAJA request for fees. The court also noted that other courts had found that hypothetical questions similar to the one posed here were adequate. See *Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001) ("ALJ's hypothetical concerning someone who is capable of doing simple, repetitive, routine tasks adequately captures [plaintiff's] deficiencies in concentration, persistence or pace"); *Smith v. Halter*, 307 F.3d 377, 378-79 (6th Cir. 2001) (hypothetical question limiting plaintiff to jobs that are "routine and low

stress" adequately accounted for plaintiff's "deficiencies in concentration, persistence, or pace").

In light of this room for reasonable disagreement among courts, the Commissioner's position in defending the adequacy of the hypothetical question in this case (and in other aspects of this case) was substantially justified. The issue is not, as Mr. Everroad suggests, whether it is well established that hypothetical questions to vocational experts must ordinarily include all limitations supported by medical evidence in the record. See *Steele v. Barnhart*, 290 F.3d 936, 942 (7th Cir. 2002). The more specific issue on the merits in this case was whether the ALJ's short-cut in this case required a remand. Although this court found that a remand was required, other courts have offered reasonable arguments for the opposite conclusion in similar circumstances. The Commissioner was substantially justified in arguing for that different result. Accordingly, plaintiff's petition for an attorney fee award is denied.

So ordered.

Date: November 29, 2007

_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Timothy J. Vrana
tim@timvrana.com