UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| DENNY L. EVERROAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 4:06-cv-100-DFH-WGH |
| ) | |
| MICHAEL J. ASTRUE, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

ENTRY ON ATTORNEY FEE APPLICATION
UNDER 42 U.S.C. § 406(b)

The court previously remanded the decision by the Commissioner of Social Security denying plaintiff Denny L. Everroad's application claim for disability insurance benefits. 2007 WL 2363375 (S.D. Ind. Aug. 10, 2007). Everroad later petitioned for an award of attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). The court denied that petition because the Commissioner's position had been substantially justified. After remand, Mr. Everroad was found to have been totally disabled and was awarded past-due benefits of more than $121,000. Mr. Everroad's attorney has now moved for approval of an attorney fee of 25 percent of the past due amount, or $30,402.10, pursuant to 42 U.S.C. § 406(b). The statute authorizes a court to allow a "reasonable fee," subject to a ceiling of 25 percent of the past-due benefits.

Before filing this lawsuit, Mr. Everroad and attorney Timothy J. Vrana signed a contingent fee agreement in which they agreed on a fee of 25 percent of any past-due benefits that might be awarded. Such agreements are virtually universal in Social Security disability cases. *Gisbrecht v. Barnhart*, 535 U.S. 789, 803-04 (2002). In fact, contingent fee agreements are the only legal basis for representing a claimant in such a case: "The prescriptions set out in §§ 406(a) and (b) establish the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants. Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense. §§ 406(a)(5), (b)(2) (1994 ed.); 20 C.F.R. §§ 404.1740-1799 (2001)." *Id.* at 795-96.

A court may give effect to an attorney-client contingent fee agreement if the resulting fee is reasonable. *Gisbrecht*, 535 U.S. at 807. When applying § 406(b), the court does not apply the familiar lodestar method that applies under federal fee-shifting statutes. *Id.* at 806.

The Commissioner argues in this case that the requested fee would be unreasonably high. The Commissioner has no direct financial stake in the fee award, but the Supreme Court has recognized his role in such cases as comparable to that of a trustee. *Gisbrecht*, 535 U.S. at 798 n.6. In this case, the record indicates that Mr. Everroad does not object to the requested fee, see Dkt. No. 34, Exhibit G (plaintiff Everroad's signed consent to fee request), though the

court does not treat his consent as conclusive proof that the fee would be reasonable.

For courts considering applications under § 406(b), the Supreme Court provided the following definitive guidance in *Gisbrecht*:

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. See, *e.g.*, *McGuire*, 873 F.2d, at 983 ("Although the contingency agreement should be given significant weight in fixing a fee, a district judge must independently assess the reasonableness of its terms."); *Lewis v. Secretary of Health and Human Servs.*, 707 F.2d 246, 249-250 (C.A.6 1983) (instructing reduced fee when representation is substandard). If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. See *Rodriquez*, 865 F.2d, at 746-747. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. See *id.*, at 747 (reviewing court should disallow "windfalls for lawyers"); *Wells*, 907 F.2d, at 372 (same). In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases. See *Rodriquez*, 865 F.2d, at 741. Judges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review.

*Gisbrecht*, 535 U.S. at 808.

Following these instructions, the court considers the results achieved for Mr. Everroad and his family, the attorney's time spent on the case, the difficulty

of the case, the attorney's skill and efficiency, and the need for significant contingency enhancements for successful representation of Social Security applicants.

The results here for Mr. Everroad and his family were very good. The past-due benefits totaled $121,609. The 25 percent cap is applied to that sum, but the past-due benefits are only the beginning of the story. Mr. Everroad is 56 years old. In 2008, he began receiving a disability insurance benefit of $1,331 each month. That amount will be adjusted for cost of living through the time that he reaches age 65. Without adjusting for cost of living or discounting for present value, ten years of benefits at the current level will amount to an additional $159,720. Mr. Everroad will also receive higher Social Security payments the rest of his life because of this decision. His children will also receive benefits until age 18. Without trying to exaggerate the precision of the number, the total present value of the decision to Mr. Everroad and his family was at least in the range of $270,000 to $290,000. The requested fee is approximately 11 percent of that total benefit.

In the district court, attorney Vrana spent a total of 37 hours on this case. The Commissioner focuses primarily on this fact, arguing that the requested fee would amount to an hourly rate of more than $800, which the Commissioner views as excessive and a "windfall." The court does not have before it records of time spent in the administrative proceedings after the remand, but those hours

-4-

would also need to be taken into account and would push the effective hourly rate down substantially.

The court must also consider the skill and efficiency of attorney Vrana. His representation here was anything but "substandard." Cf. *Gisbrecht*, 535 U.S. at 808, citing *Lewis v. Secretary of Health and Human Servs.*, 707 F.2d 246, 249-250 (6th Cir. 1983). Mr. Vrana specializes in Social Security disability cases. In this case, as in all of the other cases in which this court has seen his work, he has done consistently excellent work. The economics of Social Security cases, including the $4,000 cap on fees at the administrative level and the deferential standard on judicial review, mean that this field of law, in this court's experience, too often sees high-volume low-quality work in plaintiffs' briefs on judicial review. Attorney Vrana's work is consistently a welcome exception. His rate of success in winning remands, based on a combination of skill and case selection, has been unusually high in this court's experience. The fact that he was able to win such a substantial victory for his client in this case with only 37 hours of work is a reflection of unusual skill and efficiency.[1]

Attorney Vrana reports that he does little work on an hourly basis but that when he does so he charges $190 per hour. Dkt. No. 34 at 3-4. He invites the court to compare the quality of his work to the quality of work done by attorneys

---

[1] There is no indication here that any delay was attributable to attorney Vrana, so that *Gisbrecht* factor does not apply here.

who charge twice that or more. The court accepts the invitation. His work compares favorably, and is among the highest quality work that this court sees across the range of cases, including much more lucrative lines of practice such as patent litigation or high-stakes corporate litigation, where lawyers with comparable skill levels charge two or three times that hourly rate.

The court must also take into account the difficulty of the work that attorney Vrana took on in this case. As in most Social Security disability cases on judicial review, the odds were against him and his client. Mr. Everroad's application had already been rejected four times: twice within the Social Security Administration itself, once by an administrative law judge, and finally by the Appeals Council. The standard for judicial review is deferential toward the decision of the ALJ. In this court's experience, the overwhelming majority of denials are affirmed on judicial review (roughly 75 to 90 percent). When attorney Vrana and Mr. Everroad agreed to the fee agreement, therefore, the odds were that attorney Vrana would not recover a penny in fees.

In other contexts, the Seventh Circuit has repeatedly instructed district courts not to use hindsight in deciding when a contingent fee is reasonable. See, e.g., *In re Synthroid Marketing Litigation*, 264 F.3d 712, 718-19 (7th Cir. 2001); *Florin v. Nationsbank of Georgia, N.A.*, 34 F.3d 560, 565 (7th Cir. 1994) (in common fund fee dispute, a risk multiplier is mandated if attorneys had "no sure source of compensation for their services"), quoting *In re Continental Illinois*

*Securities Litigation*, 962 F.2d 566, 569 (7th Cir. 1992). The question must be addressed from the perspective of the time the decision is made, without knowing how much work would be required or whether the case would be successful. Given the long odds against Mr. Everroad when he and attorney Vrana filed this case, a substantial contingency risk enhancement would have been perfectly reasonable.[2]

The court is well aware that under federal fee-*shifting* statutes, the Supreme Court has rejected multipliers above lodestar fees based on the risk that the case would not be successful. See, *e.g.*, *City of Burlington v. Dague*, 505 U.S. 557 (1992). The reasoning of those cases does not apply here, to the distribution of the contingent fee from the amount awarded. *Gisbrecht*, 535 U.S. at 806 (distinguishing between § 406(b) awards and use of lodestar method to decide fees under federal fee-shifting statutes). As Justice Scalia explained for the Supreme Court in *City of Burlington v. Dague*: "An attorney operating on a contingency-fee basis pools the risks presented by his various cases: cases that turn out to be successful pay for the time he gambled on those that did not. To award a contingency enhancement under a fee-shifting statute would in effect pay for the

---

[2]In a fee-shifting case in another context, before *Dague*, the Seventh Circuit suggested, but did not hold, that a contingency risk factor of two might be a reasonable ceiling for such multipliers. See *Skelton v. General Motors Corp.*, 860 F.2d 250, 258 (7th Cir. 1988) (reversing fee award as too low where district court did not include risk enhancement factor). In some private contingent fee work, attorneys can and do earn fees that would require much larger risk enhancement factors to justify if the court were measuring the fee in terms of dollars per hour. The court is satisfied that attorney Vrana's fee request here is reasonable in light of all the factors discussed in the text.

attorney's time (or anticipated time) in cases where his client does not prevail." 505 U.S. at 565. That describes the economics of practice for an attorney who represents Social Security claimants. While it is not appropriate, under the reasoning of *Dague*, to include a contingency enhancement when the government or other opposing party is paying the bill, it is reasonable to allow, in effect, the pooling of risks by the attorney and his many clients. An enhanced recovery when a case is successful enables the attorney to take on the cases of others. That is the only way under the current system that Social Security claimants can find effective and affordable legal representation.

Accordingly, the court finds that the requested fee of 25 percent of the past-due benefits is reasonable in this case, and the award of $30,402.10 is hereby approved.

So ordered.

Date: February 11, 2009

*David F. Hamilton*

DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Timothy J. Vrana
tim@timvrana.com